UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                            CRIMINAL ACTION NO. 2:11-00140

CLINTON E. KIRK


MEMORANDUM OPINION AND ORDER


On January 13, 2012, the court found by a
preponderance of the evidence that the defendant is presently
suffering from a mental disease or defect rendering him mentally
incompetent to the extent that he is unable to understand the
nature and consequences of the proceedings against him or to
assist properly in his defense or make decisions regarding legal
strategy with the assistance of counsel.


In view of that finding, the court additionally
ordered that same day that defendant be committed to the custody
of the Attorney General pursuant to section 4241(d)(1).  The
Attorney General was directed to hospitalize defendant for
treatment in a suitable facility for a reasonable period of
time, not to exceed four months, during which period it might be

determined whether there is a substantial probability that, in the foreseeable future, defendant will attain the capacity to permit the proceedings to go forward.

On February 6, 2012, the court was notified by the United States Marshal Service that bed space at the designated institution, Federal Medical Center Butner, will not be available until "mid-March." On February 8, 2012, defendant, by counsel, objected, stating his opposition to any request from the Bureau of Prisons to extend the section 4241(d)(1) four month time period for conducting his evaluation.

On February 8, 2012, the court offered both defendant and the United States an opportunity to be heard via teleconference respecting the matter. The parties ultimately agreed during that telephonic hearing to defendant being committed to the custody of the Attorney General for a period of three months for purposes of conducting the evaluation prescribed by section 4241(d)(1). The three-month period will run from defendant's admission to FMC Butner on March 15, 2012, or any earlier date that he might be received there. The Bureau of Prisons is urged to make provision for the defendant's

admission to FMC Butner at a substantially earlier date than March 15, 2012, if at all possible to do so.

No later than the eve of the conclusion of the three-month time period, the United States is directed to either (1) move the court pursuant to section 4241(d)(2)(A), or inform the court of its election not to so move, unless it earlier disposes of the pending charges against defendant according to law pursuant to section 4241(d)(2)(B), or (2) report to the court that it will proceed according to sections 4246 and 4248 as warranted by the circumstances then existing.

It is the court's intention, if at all feasible and consistent with the thorough and complete evaluation of defendant, to consider and enter any section 4241(d)(2)(A) order prior to, or as soon as reasonably practicable after, the expiration of the three-month time period.[1]

The Attorney General or his authorized designee, such as the director of the facility in which the defendant is hospitalized pursuant to § 4241(d)(1), shall submit to the court

---

[1] This does not preclude the director of the facility where defendant is housed from, at any time, filing a certificate of recovery as prescribed by section 4241(e).

two interim reports, on April 16 and May 15, 2012, advising the court of the progress made in concluding defendant's evaluation. No later than June 8, 2012, the court will receive the final report, denominated as such, comprehensively addressing the views of the Attorney General or his authorized designee respecting whether the defendant has attained the capacity to permit the proceedings to go forward. The final report must additionally address, pursuant to section 4241(d)(2)(A), whether there is a substantial probability that, within an additional specified reasonable period of time, the defendant will attain the capacity to permit these proceedings to go forward.

The court will provide either party an opportunity to be heard at the end of the three-month period respecting the further action, if any, to be taken in the case, including transfer.[2]

With the exception of the aforementioned modifications, the requirements and directives of the January 13, 2012, order shall remain in full force and effect.

---

[2] A certification under either section 4246(a) or 4248(a) may nevertheless be filed.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  February 9, 2012

John T. Copenhaver, Jr.
United States District Judge